**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| (1)ROBERT SMITH,<br>Plaintiff,<br>vs.<br>(1)BARNETT OUTDOORS, LLC and<br>(2)DICK'S SPORTING GOODS, INC.,<br>Defendants | Case No.: 4:15-cv-00404-CVE-TLW |

## ANSWER OF DICK'S SPORTING GOODS, INC.

COMES NOW the Defendant, Dick's Sporting Goods, Inc., (hereinafter referred to as "Dick's") and for its answer to Plaintiff's Petition and would state as follows:

1. Dick's is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 1-5 of Plaintiff's Petition, and therefore, the allegations are denied.

2. Dick's denies the allegations in Paragraph 6 of Plaintiff's Petition.

**Count I: Strict Liability**

3. Paragraph 7 of Plaintiff's Petition is an incorporation paragraph, and therefore, no response is required of this Answering Defendant. In the event a response is held

to be required, Dick's adopts and incorporates herein its responses to Paragraphs 1 – 6 set forth hereinbefore.

4. Dick's is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of Plaintiff's Petition, and therefore, the allegations are denied.

5. Dick's admits the allegations in Paragraph 9 of Plaintiff's Petition to the extent that it is in the business of selling Crossbows, to the extent Plaintiff is alleging Dick's sold the Crosssbow at issue, Dick's is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9 of Plaintiff's Petition, and therefore, the allegations are denied.

6. Dick's denies the allegations in Paragraphs 10-11 of Plaintiff's Petition.

7. Dick's admits the allegations in Paragraph 12 of Plaintiff's Petition.

8. Dick's denies the allegations in Paragraphs 13-14 of Plaintiff's Petition.

**Count II: Negligence**

9. Paragraph 15 of Plaintiff's Petition is an incorporation paragraph, and therefore, no response is required of this Answering Defendant. In the event a response is held to be required, Dick's adopts and incorporates herein its responses to Paragraphs 1 – 14 set forth hereinbefore.

10. Dick's denies the allegations in Paragraphs 16-18 of Plaintiff's Petition.

**Count III: Breach of Warranty**

11. Paragraph 19 of Plaintiff's Petition is an incorporation paragraph, and therefore, no response is required of this Answering Defendant. In the event a response is

held to be required, Dick's adopts and incorporates herein its responses to Paragraphs 1 – 18 set forth hereinbefore.

12. Dick's denies the allegations in Paragraphs 20-22 of Plaintiff's Petition.

13. Dick's denies that Plaintiff is entitled to recover against this Answering Defendant any of the relief claimed in the WHEREFORE paragraph of Plaintiff's Petition.

## AFFIRMATIVE DEFENSES

For further answer and defense, the Defendant, Dick's Sporting Goods, Inc., states as follows:

1. Plaintiff's Petition fails to state a claim upon which relief may be granted.

2. Plaintiff was negligent and his contributory/comparative negligence reduces and/or bars his recovery.

3. The damages sustained by the Plaintiff, if any, were results of the expressed prohibitive use of the product by the Plaintiff.

4. The product that Plaintiff claim is defective was being misused at the time of the incident.

5. This Defendant denies that the product in question was in any way defective or hazardous and avers that said product was, in all respects, properly designed, manufactured, distributed, supplied, tested, inspected, and/or sold. This product departed this Defendant's control equipped with all elements necessary to make it safe and contained no elements making it unsafe, and properly equipped with all necessary warnings and instructions for correct and safe use, operation, maintenance, repair, and servicing.

6. This Defendant alleges that any defect, if any, was caused solely and wholly by the misuse, abuse, alteration, modification, damage, or improper assembly, maintenance, repair, servicing, and/or installation of the product and/or fault of others now unknown.

7. This Defendant provided appropriate product information and warnings to purchasers/users.

8. The design of the subject equipment was consistent with "state of the art," at the time of its design using the then available technology, scientific knowledge and design principles.

9. The product complied with all applicable codes, standards, or regulations adopted or promulgated by the United States or any agency of the United States or state agency at the time of its sale.

10. This Defendant provided a limited express written warranty for its equipment that excludes liability for consequential or incidental damages.

11. The damages sustained by the Plaintiff, if any, were results of the expressed prohibitive use of the product by the Plaintiff or some other party.

12. The incident and/or damages, which are the subject matter of Plaintiff's Petition, were caused or brought about by a person or persons other than this Defendant, and over whom this Defendant had neither control nor the right to control, or some independent cause, phenomena or misadventure beyond the control of this Defendant, and for which this Defendant is not liable.

13. Plaintiff's alleged injuries and damages were caused by the fault, negligence, and carelessness of Plaintiff including, but not limited to, (a) failure to operate a product in a reasonably anticipated manner, and (b) failure to mitigate damages.

14. The acts, omissions, and/or products, if any, of this Defendant were not the proximate cause of the losses, damages, and/or injuries alleged in Plaintiff's Petition.

15. The losses and damages allegedly sustained by Plaintiff were not caused by any product operated, designed, researched, manufactured, produced, labeled, assembled, distributed, sold, leased, offered for sale, advertised, supplied, inspected, serviced, installed, contracted for installation, repaired, marketed, warranted, rebranded or repackaged by this Defendant, but were caused by some other product, processed or event, including but not limited to, the operation of nature, over which this Defendant exercised no supervision or control and for which it was not responsible.

16. Any recovery, if any, by Plaintiff should be apportioned among all parties of this action and all non-parties, according to each parties apportioned or responsibility for the damages, if any, under the doctrine of comparative negligence and/or based upon the doctrine of equitable indemnity and contribution.

17. At the time and place of the injuries alleged in Plaintiff's Petition, Plaintiff was not exercising ordinary care, caution or prudence to prevent the acts complained of from occurring, and that the injuries and damages complained of, if any, were proximately caused by Plaintiff's own failure to exercise ordinary care.

18. Plaintiff voluntarily and with full knowledge of the matters set forth in Plaintiff's Petition assumed the risk of any and all of the losses and/or damages allegedly sustained.

19. Any damages sustained by Plaintiff was proximately caused by a material modification or alteration to the product allegedly involved in this incident after it left the custody and control of this Defendant.

20. Any damages sustained by Plaintiff were solely and proximately caused by the improper use or misuse of the product allegedly involved in this incident by persons or entities not subject to the control of this Defendant.

21. Plaintiff's cause of action is barred, in whole or in part, by the applicable statutes of limitations, repose, by operation of laches, loss of components and/or spoliation.

22. This Defendant's product was not unreasonably dangerous when it left the custody and control of this Defendant.

23. Plaintiff's claims are barred in whole or part, by Plaintiff's failure to mitigate damages.

24. Plaintiff's alleged damages were the result of an independent, intervening, and/or superseding cause and/or causes.

25. This Defendant is entitled to a set off and/or credit for anything of value received by Plaintiff from any source, party or non-party, including any settlement amounts previously received by Plaintiff.

26. The damages alleged in Plaintiff's Petition were not proximately caused by any acts, omissions, and/or products, if any, of this Defendant.

27. Any injuries or damages sustained by Plaintiff were solely and proximately caused by the improper and unforeseeable use, misuse, or abuse of the products or equipment involved in this action.

28. The benefits of design of this Defendant's products, involved in this incident, if any, outweighed the inherent risk, if any.

29. The injuries and damages, if any, to the Plaintiff was the result of the express prohibitive use of the product by the Plaintiffs.

30. This Defendant alleges that any defect, if any, was caused solely and wholly by the misuse, abuse, alteration, modification, damage or improper assembly, maintenance, repair, handling, servicing, and/or installation of the product and/or fault of others now unknown.

31. Plaintiffs' claims are barred by the doctrine of accord and satisfaction.

32. Plaintiffs' claims are barred by previous release.

33. Plaintiffs' claims are barred by the doctrine of res judicata.

34. Plaintiffs' claims are barred by judicial estoppel.

35. Plaintiffs' claims are barred by issue preclusion.

36. Smith failed to provide timely notice of any warranty claims.

37. The terms and conditions of the warranty on its equipment contain an integration clause that limits the terms and conditions to those set forth in the warranty for the equipment.

38. There was a limited express written warranty for its equipment that excludes the implied warranty of merchantability and fitness for a particular purpose.

39. There was a limited express written warranty for its equipment that excludes liability for consequential or incidental damages.

40. The warranty properly disclaimed any implied warranties on its equipment.

41. All warranties on the equipment that is the subject of Plaintiff's claims were complied with.

42. This Defendant reserves the right to amend this Answer in accordance with the Federal Rules of Civil Procedure and the further Order of this Court.

WHEREFORE, the Defendant, Dick's Sporting Goods, Inc. prays that Plaintiff take nothing by way of their Petition against Dick's Sporting Goods, Inc. and that this Court grant judgment to Dick's Sporting Goods, Inc., together with costs, attorney fees, and for any further relief which the Court deems just and equitable.

**JURY TRIAL DEMANDED**

Respectfully Submitted:

*<u>/s Lance C. Cook</u>*
Christopher T. Sheean
Swanson, Martin & Bell LLP
330 N. Wabash Ave. Suite 3300
Chicago, Illinois 60611
(312) 222-8559 Telephone
(312) 321-0990 Facsimile
csheean@smbtrials.com

AND

Cary E. Hiltgen, OBA #4219
Lance C. Cook, OBA #21143
Hiltgen & Brewer, P.C.
9505 N. Kelley Avenue
Oklahoma City, OK 73131
(405) 605-9000 Telephone
(405) 605-9010 Facsimile

cehiltgen@hiltgenbrewer.com
lcook@hiltgenbrewer.com

**CERTIFICATE OF SERVICE**

I hereby certify that on September 3, 2015, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.

*s/ Lance C. Cook*

This will certify that a true and correct copy of the above and foregoing was mailed U. S. certified mail, return receipt, postage prepaid, this 3rd day of September, 2015, to the following counsel of record:

**Nancy Lloyd and James R. Lloyd II**
Lloyd & Lloyd
Post Office Box 607
Sand Springs, OK 74063

*s/Lance C. Cook*